UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:        CHRISTOPHER HALL and,            CASE NO.:   3:14-bk-03250-JAF
              SHADA HALL,
                 Debtors.

**HALLS' MOTION TO REOPEN CASE TO LIST ASSET**

Pursuant to 11 U.S. C. 350 and Bankruptcy Court Miscellaneous Fee Schedule (11), Christopher Hall and Shada Hall request this Court to reopen the case to disclose a potential asset.

The Halls filed their Chapter Seven Bankruptcy case on July 3, 2014.  Trustee Gregory Crews filed a report of no distribution on August 15, 2014 and a discharge was entered on October 16, 2014.

Previous to the bankruptcy filing, on August 11, 2013, the Halls had purchased a 2013 Dodge Ram from Arlington Chrysler Jeep Dodge Ram (TT of Duval, Inc.). Unknown to the Halls, the dealership overcharged the Halls for their electronic tag. The dealership charged $99.00 when the actual cost was $14.00.  The Debtors were not aware of the aware of the potential claim at the time of filing their Chapter 7, and therefore had no bad faith in not disclosing the claim in their original schedules.

*In re Lopez,* 283 B. R. 22 (9th Cir. BAP 2002) the court explains the law governing a motion to reopen a bankruptcy case to administer an undisclosed claim, the *Lopez* Court began by stating that under §350(b) of the Bankruptcy Code and Bankruptcy Rule 5010, reopening a case is typically ministerial.  Although a motion to reopen is

addressed to the sound discretion of the bankruptcy court, the court in fact has a duty to reopen the estate whenever there is proof that it has not been fully administered. The property focus is on the benefit to the creditors, so that if the action has any value, the case should be reopened.

When a bankruptcy case is closed, property of the estate that is not abandoned under §554 and that is not administered in the bankruptcy proceeding remains property of the estate. §554(d). When an interest or claim is not listed on a bankruptcy schedule, and the case is closed, that interest or claim remains in the bankruptcy estate and a trustee is the only property party in interest with standing to prosecute causes of action belonging to the estate.  11 U.S.C. §323.  *See In Parker v. Wendy's Int'l, Inc.* 365 F.3d 1268 (2004) (11th Circuit)

Accordingly, the Debtors request that this Honorable Court reopen the case for the sole purpose of allowing the Debtors to amend Schedule B to disclose a potential asset in the form of a claim against Arlington Chrysler Jeep Dodge Ram (TT of Duval, Inc.).

## CERTIFICATE OF SERVICE

I hereby certify that a true copy was sent to the Chapter 7 trustee, courtecf@crewslegal.com by CM/ECF electronic transfer on this day 8th day of August, 2015.

s/ Max Story, Esquire
MAX STORY, ESQ.
Florida Bar:  0527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
(904) 372-4109
max@maxstorylaw.com
Attorney for Plaintiff